UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL D. BARLOW,

        Plaintiff,

    v.

NATIONSTAR MORTGAGE LLC,

        Defendants.

25-CV-450-LJV
DECISION & ORDER

---

The pro se plaintiff, Michael D. Barlow, commenced this action against the defendant, Nationstar Mortgage LLC "doing business as Mr. Cooper" ("Nationstar"), on May 23, 2025.  Docket Item 1.  Barlow's complaint asks this Court to issue a declaratory judgment "that [the d]efendant may not lawfully proceed with the scheduled foreclosure sale" of his home.[1]  Docket Item 1 at ¶ 22.  Shortly after filing his complaint, Barlow moved for a temporary restraining order to prevent a foreclosure sale scheduled for June 17, 2025, from moving forward.  Docket Item 2.

For the reasons that follow, Barlow's motion for a temporary restraining order is denied.

---

[1] Barlow also raised two claims for violations of the New York Foreclosure Abuse Prevention Act and one for a violation of "New York Code § 349."  Docket Item 1 at 7-8 (some capitalizations omitted).

**BACKGROUND**

Barlow has sued Nationstar, which he says "rebranded to Mr. Cooper, its consumer-facing identity," in 2017. Docket Item 1 at ¶ 4. A liberal reading of the complaint tells the following story.

At some time in or before October 2010,[2] Barlow "executed a [m]ortgage [n]ote in favor of First Franklin Financial . . . in the principal amount of $60,000.01." *Id.* at ¶¶ 5-6. The mortgage "was secured by" property at 6348 Ward Road, Sanborn, New York, *id.* at ¶¶ 3, 6, which Barlow presumably purchased in connection with that mortgage. "On or about August 2011 . . . Nationstar took over servicing responsibility" on Barlow's mortgage from Bank of America. *Id.* at ¶¶ 6-7.

Sometime in 2013, a "notice of default" was issued, and in 2016, a "foreclosure judgment was entered." *Id.* at ¶ 10. The complaint briefly addresses the ensuing state court proceedings, alleging that Barlow "was in active mandatory foreclosure mediation" in the fall of 2021 but that the mediation "was never concluded or properly closed." *Id.* at ¶¶ 15-16. Nevertheless, after Barlow's case was "administratively transferred" to another judge, that judge "granted a foreclosure judgment on February 8, 2022." *Id.* at ¶ 19. Barlow alleges that the judgment was entered in connection with a motion that was not served upon him. *Id.*

The next year, in September 2023, Barlow "was preliminarily approved for a $95,000.00 housing assistance grant from the State of New York." *Id.* at ¶ 13.

---

[2] The complaint does not specify when Barlow signed the note. But Barlow says that Bank of America serviced the loan beginning in October 2010, *see* Docket Item 1 at ¶ 6, so the note must have been signed by then.

"However, th[at] application was ultimately denied" because of what Barlow alleges was an improper "interest overcharge [that] made [Barlow] ineligible for relief funds." *Id.* A foreclosure sale is scheduled for June 17, 2025. *Id.* at ¶ 14.

## DISCUSSION

As an initial matter, the Court notes that Barlow commenced two prior actions that asked this Court to enjoin foreclosure proceedings against the same property. *See* Case No. 16-cv-818, Docket Item 1 at ¶ 3 (identifying 6348 Ward Road, Sanborn, NY 14132 as the "[s]ubject [p]roperty"); Case No. 18-cv-956, Docket Item 1 at ¶ 3 (same). In both those cases, the Court dismissed Barlow's claims because it lacked jurisdiction under the *Rooker-Feldman* doctrine. *See Barlow v. Nationstar Mortgage LLC*, 2017 WL 397329, at *2 (W.D.N.Y. Jan. 30, 2017); *Barlow v. Nationstar Mortgage LLC*, 2021 WL 1960522, at *3 (W.D.N.Y. May 17, 2021).

Under *Rooker-Feldman*, "federal district courts lack subject matter jurisdiction over disputes where a plaintiff essentially seeks review of a state-court decision." *St. Maarten v. J.P. Morgan Chase Bank, N.A.*, 2021 WL 2217503, at *2 (E.D.N.Y. Jan. 14, 2021 (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 486-87 (1983)). The Second Circuit has "articulated a four-part test" for determining whether the *Rooker-Feldman* doctrine applies in a given case. *Hunter v. McMahon*, 75 F. 4th 62, 68 (2d Cir. 2023). Under that test, a district court cannot exercise jurisdiction if "(1) the federal[ ]court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id.* (citation omitted).

3

The Second Circuit has emphasized that "*Rooker-Feldman* applies only when the plaintiff complains of injuries caused by a state court judgment." *Id.* at 71 (citation and internal quotation marks omitted). That is, under *Rooker-Feldman*, a district court cannot exercise jurisdiction over claims of injury stemming "from a state[ ]court judgment, even if [the plaintiff] appears to complain only of a third party's actions, when th[ose] actions are produced by a state[ ]court judgment." *Id*. (emphasis omitted). But "*Rooker-Feldman* does not bar claims based on an opponent's misconduct that precede[d] the state court proceeding[ ] if the plaintiff['s] alleged injuries were merely ratified by the state[ ]court judgment[ ] rather than caused by [it]." *Id*. (emphases omitted).

Relevant to this action, although "[t]he *Rooker-Feldman* doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment," a district court nevertheless "lack[s] jurisdiction to invalidate [a] foreclosure judgment." *Worthy-Pugh v. Deutsch Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) (summary order); *see also Jones v. HSBC Bank USA Nat'l Ass'n*, 2024 WL 2766515, at *5 (E.D.N.Y. May 30, 2024) ("*Rooker-Feldman* precludes a federal district court from entertaining a suit that 'would require the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error.'" (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014)). And invalidating a foreclosure judgment is exactly the type of injunctive relief Barlow seeks in this action; in fact, Barlow's complaint specifically requests that the Court "[e]nter a declaratory judgment that the pending foreclosure and scheduled

4

sale of [his] property *is unlawful*." Docket Item 1 at 8 (emphasis added).[3]  According to Barlow, the foreclosure and pending sale resulted from a "procedural irregularity"—namely, the fact that he was not served with the motion that led to the February 2022 order amending the judgment of foreclosure, depriving him of "notice or [the] opportunity to be heard."  *See id.* at ¶ 19; *U.S. Bank v. Barlow*, Case No. E150803/2013, Docket Item 52 (Sup. Ct. Niagara Cnty. Feb. 8, 2022) (February 2022 order amending judgment of foreclosure and sale).

A brief analysis of the four *Rooker-Feldman* factors identified by the Second Circuit shows exactly why this Court cannot provide the injunctive relief Barlow requests.  First, Barlow lost in state court when a judgment of foreclosure and sale was entered against him on September 21, 2016.[4]  *See U.S. Bank*, Case No.

---

[3] Page numbers in docket citations refer to ECF pagination.

[4] "[A c]ourt may take judicial notice of the filings in [a state f]oreclosure [a]ction." *Romaka v. H&R Block Mort. Corp.*, 2018 WL 4783979, at *3 n.4 (E.D.N.Y. Sept. 30, 2018).  State court records show that the February 2022 "foreclosure judgment" to which the complaint refers, *see* Docket Item 1 at ¶ 19, actually was an order amending the 2016 judgment of foreclosure and sale to include information concerning the mortgage servicer and to conform the terms of the 2016 judgment "pertaining to the location of the sale and the process by which said sale will be conducted . . . with the local district sale rules."  *See U.S. Bank v. Barlow*, Case No. E150803/2013, Docket Item 52 (Sup. Ct. Niagara Cnty. Feb. 8, 2022).  That order further noted that at a court conference in September 2021, Barlow had "confirmed that he does not have a COVID hardship" and that "all other provisions contained in the [j]udgment of [f]oreclosure and [s]ale entered on September 21, 2016[,] remain in full force and effect."  *Id.*  Moreover, state court records further show that Barlow subsequently attempted to vacate that order, which the state court denied.  *See U.S. Bank*, Case No. E150803/2013, Docket Item 86.  All of that history following the 2016 judgment of foreclosure and sale reinforces the Court's conclusion that, for the purposes of a *Rooker-Feldman* analysis, Barlow has lost in state court.

E150803/2013, Docket Item 34;[5] *Hunter*, 75 F.4th at 68 (first requirement). Second and third, Barlow undoubtedly "complains of injuries caused by" that state court judgment and asks this Court to "review and reject[]" it. *Hunter*, 75 F.4th at 68 (second and third requirements). Indeed, he seeks "a declaratory judgment that the pending foreclosure and scheduled sale" of his property following the judgment of foreclosure and sale "is unlawful," Docket Item 1 at 8, and he asks this Court for a temporary restraining order barring that sale from occurring, Docket Item 2 at 3. But to determine that the judgment of foreclosure and sale entered in state court is "unlawful," Docket Item 1 at 8, as Barlow asks, this Court necessarily would need to review the "procedural irregularity" that Barlow alleges led to the foreclosure and upcoming sale. *See* Docket Item 1 at ¶ 19. Fourth, and finally, the judgment of foreclosure and sale was entered in September 2016—that is, "before the district court proceedings commenced." *Hunter*, 75 F.4th at 68 (fourth requirement); *see also* Docket Item 1.[6]

Barlow does not indicate—and the state court records do not show—that he has filed any appeals, and the time for him to do so expired long before he commenced this action. *See* N.Y.C.P.L.R. § 5513; *Giuffre Hyundai, Ltd. v. Hyundai Motor Am.*, 756 F.3d 204, 211 (2d Cir. 2014) (time to appeal under section 5513 is thirty days from service of the judgment to be appealed). So the state court judgment that Barlow asks this Court to review is final, and the pending sale that he asks the Court to enjoin is a direct

---

[5] The judgement of foreclosure and sale was signed on September 21, 2016, and filed on September 22, 2016. *U.S. Bank*, Case No. E150803/2013, Docket Item 34.

[6] To the extent that the February 2022 order amended the judgment of foreclosure and sale, both that order and the subsequent order denying Barlow's attempt to vacate it also were issued long before the instant proceedings were commenced last month. *See U.S. Bank*, Case No. E150803/2013.

consequence of that judgment.  Given all that, *Rooker-Feldman* precludes the injunctive relief that Barlow seeks.  *See Dean v. Doberman*, 2023 WL 2480012, at * 7-8 (S.D.N.Y. Mar. 13, 2023) (*Rooker-Feldman* barred district court from considering a plaintiff's claims to enjoin the sale of his home and his eviction "because doing so would require reviewing and reversing judgments entered in" state court foreclosure and quiet title actions).

To be entitled to a temporary restraining order, a plaintiff must show "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 183-84 (2d Cir. 2019) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 116 (2d Cir. 2009)); *Bimber's Delwood, Inc. v. James*, 496 F. Supp. 3d 760, 771 (W.D.N.Y. 2020) ("The standard for issuance of a temporary restraining order is identical to that for issuance of a preliminary injunction.").  But for the reasons stated above, the Court "lack[s] jurisdiction to invalidate [a] foreclosure judgment", *see Worthy-Pugh*, 664 F. App'x at 21, so Barlow has not shown "a likelihood of success" or even "sufficiently serious questions going to the merits," *see Kelly*, 933 F.3d at 183-84.  And for that reason, he is not entitled to a temporary restraining order.

Moreover, the relief requested in Barlow's motion for a temporary restraining order (that the Court enjoin the scheduled foreclosure sale), is barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which "cautions against enjoining or otherwise interfering in ongoing state proceedings." *Manning v. City of New York*, 2024 WL 3377997, at *2 (S.D.N.Y. July 11, 2024).  A district court's abstention

under *Younger* is appropriate in three types of state court matters: "(1) 'ongoing state criminal prosecutions,' (2) 'certain civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Falco v. Justs. of Matrim. Parts of Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)). "*Younger* abstention is applicable to attempts to enjoin state court foreclosure proceedings, as foreclosure actions 'concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide the plaintiff with an adequate forum to make the arguments he seeks to raise in this court.'" *Manning,* 2024 WL 3377997, at *3 (quoting *Ochei v. Lapes*, 2020 WL 528705*, at* *4 (S.D.N.Y. Jan 31, 2020)). So Barlow's motion for a temporary restraining order enjoining the pending foreclosure sale fails in light of *Younger* abstention as well.

For all those reasons, Barlow's motion for a temporary restraining order, Docket Item 2, is denied.

## **CONCLUSION**

The Court recognizes and understands the challenges that foreclosure proceedings pose to pro se litigants. But for the reasons stated above, the Court does not have the power to remedy the issues that Barlow raises. His motion for a temporary restraining order, Docket Item 2, therefore is DENIED.

8

SO ORDERED.

Dated:   June 13, 2025
             Buffalo, New York

                                                            */s/ Lawrence J. Vilardo*
                                                            LAWRENCE J. VILARDO
                                                            UNITED STATES DISTRICT JUDGE